

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED
AUG 31 2015
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

| | |
|---|---|
| TYREE LAWSON, | ) |
|         Petitioner | ) Civil Action |
| | ) No. 14-cv-00135 |
| v. | ) |
| SUPERINTENDENT of SCI FOREST M. OVERMYER ET AL.; | ) |
| THE DISTRICT ATTORNEY OF THE COUNTY OF MONTGOMERY; and | ) |
| THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) |
|         Respondents | ) |

## ORDER

NOW, this 27th day of August, 2015, upon consideration of the following documents:

    (1)  Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, which petition was filed by petitioner Tyree Lawson pro se on January 2, 2014[1] ("Petition"), together with various supporting documents (jointly, Document 1);

    (2)  Memorandum of Law in Support of Petition for Writ of Habeas Corpus, which memorandum was filed by petitioner pro se on March 17, 2014 ("Petitioner's Memorandum"), together with Exhibits A through Z to Petitioner's Memorandum (jointly, Document 3-1);[2]

---

[1] Although the within Petition was filed with the Clerk of Court on January 9, 2014, petitioner certified, under penalty of perjury, that he placed the Petition in the prison mailing system on January 2, 2014. Thus, it is treated as having been filed January 2, 2014 pursuant to the prison mailbox rule. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998); Rule 3(d) of the Rules Governing Section 2254 Habeas Cases in the United States District Courts.

[2] On March 17, 2014 petitioner filed a Motion for Acceptance of Accompanying Memorandum by In Forma Pauperis[] & Mailbox Rule. (Document 3)

(Footnote 2 continued):

(3) Respondent/Commonwealth's Response in Opposition to Petition for Writ of Habeus Corpus, which response was filed October 3, 2014 (Document 15) ("Commonwealth's Response"), together with Exhibits A through C to the Commonwealth's Response (jointly, Document 15-1);

(4) [Petitioner's] Objection to Filed State Court Record and Request for Copies of Each Document Filed for Authentication and/or Certified List Detailing All Documents Individually, which objection was filed November 17, 2014 (Document 19);

(5) Petitioner's Offer of Proof Demonstrating the Last State Court's Trial Record, which offer of proof was filed December 12, 2014, together with a copy of a letter dated February 19, 2014 from the Montgomery County Clerk of Courts and Filings Information concerning petitioner's state court proceedings (jointly, Document 20);

(6) Addendum to Petitioner's Objection to the State Court's Filed Record and Request for Copies of Each Document and/or Certified List Detailing All Documents Individually for Authentication Purpose, which addendum was filed by petitioner pro se December 29, 2014 ("Petitioner's Addendum to Objection to Record"), together with Exhibits A through G to Petitioner's Addendum to Objection to Record (jointly, Document 24);

(7) Petitioner's Response to Respondents' Answer, which response was filed January 9, 2015 ("Petitioner's Response"), together with Exhibits A through GG to Petitioner's Response (jointly, Document 26);

---

(Continuation of footnote 2):

("Motion for Acceptance") with Petitioner's Memorandum and Exhibits A through Z to Petitioner's Memorandum attached to the Motion for Acceptance. Chief United States Magistrate Judge Carol Sandra Moore Wells granted the Motion for Acceptance by Order dated and filed February 26, 2015 (Document 28). Petitioner's Memorandum and the exhibits thereto were considered by Magistrate Judge Wells and have been considered by me.

    (8)    Report and Recommendation of Chief United States Magistrate Judge Carol Sandra Moore Wells dated and filed February 26, 2015 (Document 27); and

    (9)    Petitioner's Objection to the Report and Recommendation, which objection was filed March 16, 2015 ("Petitioner's Objection"), together with the Appendix to Petitioner's Objection (jointly, Document 31);

and upon consideration of the Pennsylvania state court record which was filed electronically in this court on September 17, 2014 (Documents 11 through 11-222);[3] it appearing that petitioner's objections to Chief Magistrate Judge Wells' Report and Recommendation are a restatement of the issues raised in his underlying petition for habeas corpus relief and are without merit; it further appearing, after de novo review of this matter, that Chief Magistrate Judge Wells' Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

IT IS ORDERED that petitioner's objections to Chief Magistrate Judge Wells' Report and Recommendation are overruled.

IT IS FURTHER ORDERED that Chief Magistrate Judge Wells' Report and Recommendation is approved and adopted.[4]

---

[3] The state court record was filed electronically pursuant to my Order dated September 12, 2014 and filed September 15, 2014 (Document 7).

[4] When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings, or recommendations made by the magistrate judge to which there are objections. 28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the

(Footnote 4 continued):

IT IS FURTHER ORDERED that the within Petition is dismissed without an evidentiary hearing.

---

(Continuation of footnote 2

Eastern District of Pennsylvania.  Furthermore, district judges have wide latitude regarding how they treat the recommendations of the magistrate judge.  See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

    Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit district court judges, in the exercise of their sound discretion, the option of placing whatever reliance they chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject or modify, in whole or in part, any of the findings or recommendations made by the magistrate judge.  See Raddatz, supra.

    Here, Petitioner's Objection purports to refute the Report and Recommendation in its entirety.  Petitioner also raises objections regarding both the Pennsylvania state court's procedural record and the appointment of stand-by trial counsel by the state court.

    To the extent that Petitioner's Objection contests the conclusions presented in the Report and Recommendation, I find that petitioner merely restates his underlying constitutional claims.  Magistrate Judge Wells correctly determined petitioner's first and second claims to be barred by Stone v. Powell, 428 U.S. 465, 96 S.Ct. 3037, 49 L. Ed. 2d 1067 (1976), and petitioner's third, fourth, and fifth claims to be procedurally defaulted.  (See Report and Recommendation at pages 3-5 concerning first and second claims, pages 5-9 concerning third, fourth, and fifth claims.)  To the extent that petitioner objects to those determinations, his objections are overruled.

    Petitioner's additional objection concerning the state court record is without merit.  Despite petitioner's assertion to the contrary, the state court record was not filed secretly.  Rather, pursuant to my September 12, 2014 Order, the state court record was filed electronically on this court's docket.  Moreover, petitioner attached numerous state court documents to his various filings in this action.  Accordingly, petitioner's objection that he has been denied "equal protection, due process and an effective legal review" (Petitioner's Objection at page 2) is overruled.

    Petitioner's assertion that he was denied pro se status through the State Court's "forced" appointment of counsel (Petitioner's Objection at page 4) is also without merit.  Petitioner's own exhibits demonstrate that he not only assented to appointment of stand-by trial counsel from the state court, but actually requested assistance from such counsel.  (Appendix to Petitioner's Objection at Pages 35, 40, 42, and 56.)

    Upon review of the Report and Recommendation, together with de novo review of this matter, I conclude that the Report and Recommendation correctly determines the legal and factual issues raised by the petitioner.  Accordingly, I approve and adopt Magistrate Judge Wells' Report and Recommendation and overrule Petitioner's Objection to the Report and Recommendation

IT IS FURTHER ORDERED that a Certificate of Appealability is denied.[5]

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:

/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

[5] Because petitioner has not shown the denial of a federal constitutional right and has not met statutory requirements to have his case heard, and that no reasonable jurist could find this ruling debatable, a certificate of appealability is denied. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542, 555 (2000).