## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYREE LAWSON** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **M. OVERMYER, Superintendent of SCI Forest, et al., THE DISTRICT ATTORNEY OF THE COUNTY OF MONTGOMERY and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA** | : : : : : | **NO.   14-135** |

### MEMORANDUM OPINION

**Savage, J.**                                                                                          **February 9, 2022**

Petitioner Tyree Lawson, a state prisoner serving a life sentence for murder, has filed a motion under Federal Rule of Civil Procedure 59(e) to amend the January 5, 2021 Order denying his motion to amend his *habeas* petition. The instant motion does not set forth, nor can we discern any, grounds meriting relief under Rule 59(e). It is unclear exactly what judgment he seeks to amend or alter. Liberally construed, we shall treat the motion as one for reconsideration of the January 5, 2021 Order.

Respondents contend that his motion is untimely. A Rule 59(e) motion must be filed within 28 days of the Court's decision. Fed. R. Civ. P. 59(e). The time cannot be extended. Fed. R. Civ. P. 6(b)(2). *See Banister v. Davis*, 140 S.Ct. 1698, 1703 (2020).

The current motion was filed on January 28, 2021. The decision he seeks to amend was made on January 5, 2021, 23 days before he filed his motion under Rule 59(e). Given the closeness of time, we shall assume the prison mailbox rule applies, rendering his filing timely. Nevertheless, we shall deny the motion.

It appears Lawson is attempting to supplement the record that he had submitted to the Third Circuit after we transferred his "Supplemental Claims for Relief Under Rule

60(b)(6)" for consideration as an application for authorization to file a second or successive *habeas* petition. The Third Circuit denied authorization on April 30, 2018. Lawson did not file his motion to supplement his Rule 60(b) motion in this court until December 17, 2020. At that time, there was nothing to supplement or amend because the Third Circuit had denied his Rule 60(b) motion as an impermissible second or successive petition. Thus, we denied his motion to amend.

In short, there is nothing to alter or amend. Nothing has changed. Therefore, we shall deny Lawson's motion under Rule 59(e).